Penny E. **HARRINGTON**, Plaintiff,

*v.*

**CITY OF PORTLAND; J.E. (Bud) Clark; Sidney I. Lezak; John C. Beatty, Jr.; H.D. Watson; Raymond M. Tercek; Michael McPhee: and Charles Karl, Defendants.**

**Civ. No. 87–516–FR.**

United States District Court,
D. Oregon.

Jan. 8, 1988.

Tom Steenson, Steenson, Fontana, Schumann & Ellis, Linda K. Eyerman, Gaylord, Thomas & Eyerman, Portland, Or., for plaintiff.

Harry Auerbach, Deputy City Atty., Portland, Or., for defendants City of Portland and J.E. (Bud) Clark.

Don H. Marmaduke, Barbee B. Lyon, Tonkon, Torp. Galen, Marmaduke & Booth, Portland, Or., for defendants Sidney I. Lezak, John C. Beatty, Jr., and H.D. Watson.

John C. Ray, Thompson, Adams, DeBast & Ray, Beaverton, Or., for defendant Raymond M. Tercek.

Anna J. Brown, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, Or., for defendant Michael McPhee.

John Folawn, Holmes, DeFrancq & Schulte, P.C., Portland, Or., for defendant Charles Karl.

## OPINION

FRYE, District Judge:

The matter before the court is defendants City of Portland and its Mayor, J.E. (Bud) Clark's, motion to dismiss plaintiff, Penny E. Harrington's, fourth claim for relief. In an opinion of October 23, 1987, 677 F.Supp. 1491, the court reviewed this motion to dismiss but deferred ruling and asked the parties to assist the court with further briefing. The parties responded with additional memoranda. The court is now prepared to rule upon the motion.

In her fourth claim for relief, Harrington alleges that she and Mayor Clark entered into an agreement whereby she would retire from the Portland Police Bureau, and in return the City of Portland would provide her with an early retirement pension. Harrington alleges that the City of Portland and Mayor Clark breached this agreement by failing to provide her with an early retirement pension.

## CONTENTIONS OF THE PARTIES

The City of Portland and Mayor Clark first argue that this court has no independent jurisdiction over Harrington's breach of contract claim and that the exercise of pendent jurisdiction is not proper under the circumstances of this case. The City of Portland and Mayor Clark contend that before this court has the power to exercise pendent jurisdiction over Harrington's state law claim for breach of contract, "[t]he state and federal claims must derive from a common nucleus of operative fact [and] plaintiff's claims [must be] such that [s]he would ordinarily be expected to try them all in one judicial proceeding...." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 213 (1966); *accord In re Nucorp Energy Securities Litigation*, 772 F.2d 1486 (9th Cir.1985).

The City of Portland and Mayor Clark contend that Harrington's federal claim for sex discrimination and pendent state claim for breach of contract do not derive from a common nucleus of operative facts. The City of Portland and Mayor Clark assert that whether Mayor Clark intended to discriminate against Harrington on the basis of gender when he established the Special Review Commission is factually distinct from the claim that the City of Portland is bound by an enforceable agreement to provide retirement benefits for Harrington.

Next, the City of Portland and Mayor Clark argue that the alleged agreement, if made, is not an enforceable agreement. The City of Portland and Mayor Clark rely upon section 8–104 of the Charter of the City of Portland, which provides that "[t]he City of Portland shall not be bound by any contract nor in any way liable thereon, unless the same is authorized by an ordinance and made in writing and signed by some person or persons duly authorized by the Council...." The City of Portland and Mayor Clark point out that the alleged agreement was not in writing, was not authorized by an ordinance, and was not signed by a person duly authorized by the City Council to sign such agreement.[1]

---

1. The City of Portland and Mayor Clark also argue that Harrington's claim to retirement benefits is governed by the City Charter which establishes a Fire and Police Disability and Retirement Fund, Charter § 5–101; that the retirement entitlement under the City Charter is specific; and that Harrington is not entitled under the specific provisions to receive retirement benefits.

Harrington concedes, however, that she is not eligible for retirement benefits from the Fire and Police Disability Fund. Had she been eligible for retirement from this fund, there would have been no need for any special agreement as

Harrington argues that Mayor Clark has the authority to bind the City of Portland to the payment of retirement benefits to her because the City Charter vests in the Mayor rather than in the City Council the express power to appoint and to remove the Chief of Police. Harrington asserts that this express power to remove her as Chief of Police carries with it the implied power to contract as to the terms of her removal.

Harrington cites the court to a number of cases that rely upon the general notion that a grant of power will be of little avail without the means of exercising it. *See, e.g., Burrell v. City of Portland,* 61 Or. 105, 111, 121 P. 1 (1912), and *Kantor v. Boise Cascade Corp.,* 75 Or.App. 698, 708 P.2d 356 (1985).[2]

## ANALYSIS AND RULING

■ The court finds that the federal and state claims in this case derive from a common nucleus of operative facts and therefore can be properly tried together. The court further finds it proper to exercise pendent jurisdiction over Harrington's fourth claim for relief.

■ As to the merits of Harrington's fourth claim, section 8–104 of the City Charter of the City of Portland provides as follows:

The City of Portland shall not be bound by any contract nor in any way liable thereon, unless the same is authorized by an ordinance and made in writing and signed by some person or persons duly authorized by the Council. But an ordinance may authorize any board, body, officer or agent to bind the City without contract in writing for the payment of any sum not exceeding twenty thousand dollars ($20,000); such amount to be adjusted annually based on the average inflation rate for the Portland Metropolitan Area as determined from the U.S. Department of Labor statistics as certified by the City Auditor.

In adopting any ordinance authorizing any board, body, officer or agent to so bind the City for any sum in excess of two thousand five hundred dollars ($2,500) the Council shall make specific findings as to what classes of items or services may be purchased without a contract in writing authorized by a specific ordinance and the Council shall establish rules and regulations to be followed in purchasing such items. Notwithstanding the provisions of this Section, however, the Council may waive the written contract requirement when work, materials or supplies are necessary for an emergency involving public safety or health.

Although this provision appears to apply to advertising and construction contracts, it clearly states that the City of Portland "shall not be bound by *any* contract" unless in writing except under certain circumstances that do not apply in this case. (Emphasis added). While the City Charter provides that the Mayor has the power to appoint and to remove the Chief of Police (Section 4–101 of the City Charter), the City Council retains by ordinance the power to fix the salaries of all officers, agents and employees of the City (Portland City Code § 4.080.010). *See also* Section 2–105(11) of the City Charter. Furthermore, the City Council has adopted a salary plan for every non-elective classified person in the employ of the City. (Portland City Code § 4.080.040).

The court concludes that Mayor Clark and the Portland City Council have separate and distinct powers relating to the position of Chief of Police. While the Mayor has the right to appoint and to remove the Chief of Police, the City Council has the power to determine financial matters relating to the office of Chief of Police. The Mayor of the City of Portland does not have the authority to appropriate money from the general fund to pay for a special pension benefit for a Chief of Police. The power of Mayor Clark to remove Harring-

to retirement benefits. The court will not discuss this issue further.

2. While the court accepts the general notion advanced by Harrington, the court finds this rule inapplicable under the circumstances of this case.

ton as Chief of Police under the provisions of the City Charter is subject to the limitations of the Portland City Council on financial matters relating to that removal.

The City of Portland and Mayor Clark's motion to dismiss Harrington's fourth claim for relief is granted.